1  Vahag Matevosian, Esq. (State Bar No. 283710)
   Consumerlitigationteam@kaass.com
2

3  **KAASS LAW**
   313 East Broadway, #944
4  Glendale, California 91209
   Telephone. 310.943.1171
5

6  Attorneys for Plaintiff

7

8                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
9

10  MADLENA TATARYAN  an individual;   )   Case No.:   CV12-08788 PDP (FMOx)
            Plaintiff,                 )
11                                     )   **COMPLAINT FOR:**
            vs.                        )
12  CHASE BANK (USA) N.A., a National  )   1.  **Willful Violations of Federal Fair**
    Association                        )       **Credit Reporting Act, 15 U.S.C. §**
13  MIDLAND FUNDING, LLC., A Delaware  )       **1681s-2(b);**
    Limited Liability Company          )   2.  **Negligent Violations of Federal Fair**
14                                     )       **Credit Reporting Act, 15 U.S.C. §**
                                       )       **1681s-2(b);**
15          Defendants.                )   3.  **Intentional Violations of California**
                                       )       **Consumer Credit Reporting**
16                                     )       **Agencies Act, Cal. Civ. Code §**
                                       )       **1785.25(a);**
17                                     )   4.  **Negligent Violations of California**
                                       )       **Consumer Credit Reporting**
18                                     )       **Agencies Act, Cal. Civ. Code §**
                                       )       **1785.25(a);**
19                                     )   5.  **Violations of Federal Fair Debt**
                                       )       **Collection Practices Act, 15 U.S.C.**
20                                     )       **§§ 1692(e), 1692(f) and 1692(g);**
                                       )   6.  **Violation of California Rosenthal**
21                                     )       **Fair Debt Collections Practices Act,**
                                       )       **Cal. Civ. Code § 1788.17.**
22                                     )   7.  **Defamation by Libel**
                                       )
23                                     )
                                       )   **JURY TRIAL DEMANDED**
24                                     )
                                       )
25                                     )
                                       )
26                                     )
                                       )
27                                     )
                                       )
28 _____)

                                    1
                                COMPLAINT

1    Plaintiff, through counsel, alleges:

2                         **NATURE OF ACTION**

3        This is a private action brought by an individual consumer under Federal Fair Credit

4    Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); Federal Fair Debt Collection Practices Act

5    ("FDCPA"), 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g); and their equivalent State Acts:

6    California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a);

7    and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17.

8                      **JURISDICTION AND VENUE**

9        1.      This Court has jurisdiction under 15 U.S.C. § 1681p, Cal. Civ. Code § 1785.33, 15

10   U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

11       2.      This Court has supplemental jurisdiction over the State claims under 28 U.S.C. §

12   1367(a).

13       3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts

14   or events giving rise to Plaintiff's action occurred in the State of California in the Central District

15   of California, where Plaintiff resides in the said State and district, and where Defendants transacts

16   business in said State and district.

17                              **PARTIES**

18       4.      Plaintiff, Madlena Tataryan ("Plaintiff"), is an individual who at all relevant times

19   resided in the State of California, County of Los Angeles.

20       5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

21       6.      Defendants CHASE BANK USA N.A. ("CHASE") and MIDLAND FUNDING

22   LLC.("MIDLAND") are each a "person" as defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code §

23   1785.3(j).

24       7.      Defendants are each a "furnisher of information" as referenced under 15 U.S.C. §

25   1681s-2 who, as part of their regular course of business, furnish information concerning

26   consumers to the Credit Reporting Agencies.

27

28

**COMPLAINT**

8.      Defendant MIDLAND is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), who at all relevant times was engaged in the business of collecting consumer debts, as defined by 15 U.S.C. § 1692a(5).

9.      Pursuant to Fed. R. Civ. P. 20(a)(2) Plaintiff brings this action against Defendants under one joint complaint because any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and identical questions of law common to all defendants will arise.

10.     When a reference in this Complaint is made to any act or omission of Defendants' corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that the Defendants and their owners, officers, directors, agents, employees, or representatives did or authorized such act or omission while engaged in the management, direction, or control of the affairs of Defendants and while acting within the scope and course of their duties.

## FACTUAL ALLEGATIONS

11.     On or about April 10 2012, Plaintiff obtained her credit reports maintained by the three major credit reporting agencies: Experian, Equifax, and TransUnion (collectively "CRAs"). Upon review of the information contained in her credit reports, Plaintiff discovered accounts in derogatory status reported by Defendants CHASE (Partial Account No. 418587262487....), and MIDLAND (Partial Account No. 854306....), (collectively "Accounts").

12.     After careful review of the above referenced accounts, Plaintiff determined that the accounts do not belong to her.

13.     Consequently, on or about April 11, 2012 pursuant to 15 U.S.C. § 1681i(a)(1), Plaintiff submitted written disputes to the CRAs stating that the above referenced accounts do not belong to her.

14.     Based on information and belief, the CRAs contacted the Defendants about Plaintiff's dispute of the accounts furnished by each Defendant.

15.     Following the submission of her credit bureau disputes, Plaintiff mailed dispute letters to Defendants on or about April 26, 2012.

3.

**COMPLAINT**

16.     Plaintiff mailed dispute letters, identical in content, to Defendant CHASE, requesting to provide documentation substantiating the existence, ownership, and accuracy of their account as reported to the CRAs. Alternatively, Plaintiff requested deletion of the inaccurate account reported by the Defendant in the absence of the verification documents.

17.     Plaintiff mailed separate set of dispute letters, identical in content, to Defendant MIDLAND requesting validation of its purported debt and verification of accuracy of its collection account as reported to the CRAs. In the absence of the requested verification documents, Plaintiff requested deletion of the account reported by the Defendant.

18.     In contrast to the remaining Defendant MIDLAND is also a third party debt collector. As such, Defendant MIDLAND had further obligation to communicate with Plaintiff regarding the alleged debt prior to its credit reporting. Defendant MIDLAND, however, failed to comply with this obligation. Consequently, Defendant MIDLAND had reported debt to the CRAs without notice and validation.

19.     Several days following Plaintiff's credit bureau dispute, updated credit reports showed that Defendants had allegedly verified the accounts to the CRAs. When Plaintiff requested proof of the alleged verification, Defendants failed to provide any such supporting documentation.

20.     On or about May 24, 2012, Plaintiff sent letters to Defendants, through her authorized agent, to follow up on her previous requests for production of documents to support their alleged verifications. Defendants and each one of them failed to respond properly or at all to Plaintiff's follow-up requests and again failed to produce any proof of Defendants' alleged verification of the accounts.

21.     On or about My 31, 2012, Plaintiff sent letters to Defendants, through her authorized agent, with a final request to produce verification documents or proceed with deletion of the disputed accounts. Defendants and each one of them once again failed to address Plaintiff's request.

22.     Plaintiff submitted three (3) separate letters to each Defendant requesting proof of investigation and verification in support of Defendants alleged verification with the CRAs. Defendants, however, repeatedly and continuously disregarded these requests and failed to

4

**COMPLAINT**

produce such proof. Thus, it is reasonable to presume that Defendants do not have confirmative support for their alleged investigation and verification with the CRAs.

23.    As of this date, Defendants tenaciously continue to report the unverified accounts on Plaintiff's credit reports maintained by the CRAs.

24.    As a result of Defendants' reporting of the unverified, hence, inaccurate accounts, Plaintiff's creditworthiness is negatively impacted. Defendants' conduct in turn caused the Plaintiff, as a consumer and borrower, to suffer financial and emotional distress, including but not limited to the following:

a.    Actual damages caused by monetary losses relating to denials to obtain new credit, loss of existing funds, loss of credit and loan opportunities, excessive or elevated interest rates and finance charges;

b.    Out of pocket expenses incurred as a result of communications with Defendants, in addition to fees paid to attorneys and credit professionals for the assistance attained in the process;

c.    Emotional distress and mental anguish associated with derogatory credit information reported by Defendants about Plaintiff to parties with access to Plaintiff's credit reports;

d.    Decreased credit rating and creditworthiness which resulted in denial to obtain new credit, employment or housing on future attempts.

### FIRST COUNT - Against All Defendants

### (Willful Violations of FCRA, 15 U.S.C. § 1681s-2(b))

25.    Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

26.    Defendants knowingly, intentionally, and willfully disregarded their obligations imposed by FCRA, 15 U.S.C. § 1681s-2(b) upon furnishers of information with respect to the "reinvestigation duties" in the event of consumer disputes initiated through CRAs.

27.    Defendants violated 15 U.S.C. § 1681s-2(b)(1) because they failed to conduct proper investigation of disputed information.

COMPLAINT

28.     Defendants violated 15 U.S.C. § 1681s-2 (b)(2) because they failed to take proper action of verification, correction, or deletion of the information Plaintiff disputed within the statutorily mandated investigation period of thirty (30) days.

29.     Defendants' violations actually and proximately caused Plaintiff's injuries.

30.     Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendants' are in violation of the FCRA.

31.     Plaintiff further prays for actual and statutory damages pursuant to 15 U.S.C. § 1681n (a)(1)(A); costs and attorney's fees pursuant to 15 U.S.C. § 1681n (c); and punitive damages for Defendant's willful noncompliance pursuant to 15 U.S.C. § 1681n (a)(2).

### SECOND COUNT - Against All Defendants

### (Negligent Violations of FCRA, 15 U.S.C. § 1681s-2(b))

32.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

33.     Defendants' negligently violated 15 U.S.C. § 1681s-2(b) because they breached their duty to report accurate credit information which actually and proximately caused Plaintiff's injuries.

34.     Defendants' violations actually and proximately caused Plaintiff's injuries.

35.     Plaintiff prays for declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, that Defendants violated the FCRA.

36.     Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and costs and attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2).

### THIRD COUNT - Against All Defendants

### (Intentional Violation of CCRAA, Cal. Civ. Code § 1785.25(a))

37.     Plaintiff repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein by reference.

38.     Defendants knowingly, willfully, and intentionally disregarded their obligation to accurately report credit information pursuant to Cal. Civ. Code § 1785.25(a)— to refrain from reporting information that Defendants knew to be inaccurate or the accuracy of which was not

1    known nor verified at the time of furnishing.

2    39.    Defendants' violations actually and proximately caused Plaintiff's injuries.

3    40.    As a result of the Defendants' violations of the CCRAA, Plaintiff suffered personal

4    humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual

5    damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages for Defendant's willful

6    noncompliance pursuant to Cal. Civ. Code § 1785.31(a)(2)(B); and injunctive relief ordering

7    deletion of the subject unverified accounts from reporting with the CRAs pursuant to Cal.Civ.

8    Code § 1785.31(b).

9                        **FOURTH COUNT - Against All Defendants**

10                  **(Negligent Violation of CCRAA, Cal. Civ. Code § 1785.25(a))**

11    41.    Plaintiff repeats and repleads each and every allegation contained in all prior

12    paragraphs and incorporates the same herein by reference.

13    42.    Defendants negligently breached their duty to report accurate credit information by

14    disregarding their obligations under Cal. Civ. Code § 1785.25(a)— to refrain from reporting

15    information that Defendants should have known to be inaccurate or the accuracy of which was not

16    known nor verified at time of furnishing.

17    43.    Defendants' violations actually and proximately caused Plaintiff's injuries.

18    44.    As a result of the Defendant's violations, Plaintiff suffered personal humiliation,

19    embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual damages,

20    including court costs and attorney's fees; pain and suffering, pursuant to Cal. Civ. Code §

21    1785.31(a)(1); and injunctive relief ordering deletion of the unverified accounts from reporting

22    with the CRAs pursuant to Cal. Civ. Code § 1785.31(b).

23                        **FIFTH COUNT - Against Defendant MIDLAND**

24                  **(Violations of FDCPA, 15 U.S.C. §§ 1692(e), 1692(f) and 1692(g))**

25    45.    Plaintiff repeats and repleads each and every allegation contained in all prior

26    paragraphs and incorporates the same herein by reference.

27    46.    Defendant MIDLAND knowingly, willfully, and intentionally disregarded the

28    notice and disclosure requirements imposed under 15 U.S.C. § 1692g(a)—requiring Defendant

1   MIDLAND to notify Plaintiff of the purported debt and of Plaintiff's rights under the FDCPA.

2       47.    Defendant MIDLAND knowingly, willfully, and intentionally failed to cease

3   collection activities.

4       48.    Defendant disregarded Plaintiff's request for debt validation but continued credit

5   reporting on the alleged debt in the absence of proper validation of debt in violation of 15 U.S.C. §

6   1692g(b).

7       49.    Defendant used false, deceptive, and misleading representation or means in its

8   attempt to collect purported debt from Plaintiff.  Defendant falsely represented the character,

9   amount, or legal status of debt in violation of 15 U.S.C. § 1692e(2).  The character, amount and

10   legal status of their purported debt, as reported to the CRAs, was not communicated to Plaintiff

11   prior to the reporting and was not verified even after Plaintiff's dispute.

12       50.    Defendant used unfair or unconscionable means in its attempt to collect alleged

13   debt in violation of 15 U.S.C. § 1692f. Specifically, Defendant reported unverified debt in

14   Plaintiff's name to coerce Plaintiff to make payments.

15       51.    Defendants' violations actually and proximately caused Plaintiff's injuries.

16       52.    As a result of Defendants' violations of the FDCPA, Plaintiff prays for declaratory

17   relief that Defendant's conduct violated the FDCPA. Plaintiff is entitled to actual damages

18   pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and

19   costs and attorney's fees per 15 U.S.C. § 1692k(a)(3).

20   **SIXTH COUNT - Against Defendant MIDLAND**

21   **(Violation of RFDCPA, Cal. Civ. Code § 1788.17)**

22       53.    Plaintiff repeats and repleads each and every allegation contained in all prior

23   paragraphs and incorporates the same herein by reference.

24       54.    Defendant MIDLAND used false representations and unfair or unconscionable

25   means in attempt to collect its alleged debt from Plaintiff because it furnished, without notice, and

26   continue to report unverified debt in Plaintiff's name. By such reporting, Defendant MIDLAND

27   falsely infer that the Plaintiff is indebted with it. Its conduct is intended to coerce Plaintiff into

28   payment of debt for which Defendant has no proof of validity or right to collection in violation of

1 | Cal. Civil Code § 1788.17.

2 | 55. Defendants' violations actually and proximately caused Plaintiff's injuries.

3 | 56. As a result of Defendants' violations of the RFDCPA, Plaintiff suffered personal

4 | humiliation, embarrassment, mental anguish, and emotional distress. Plaintiff is entitled to actual

5 | damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages pursuant to Cal. Civ. Code §

6 | 1788.30(b); and costs and attorney's fees per Cal. Civ. Code § 1788.30(c).

7 | **SEVENTH COUNT - Against All Defendants**

8 | **(DEFAMATION BY LIBEL)**

9 | 57. Plaintiff repeats and repleads each and every allegation contained in all prior

10 | paragraphs and incorporates the same herein by reference.

11 | 58. Defendants repeatedly published or have caused to be published written material

12 | information they knew or should have known to be false. Specifically, Defendants are directly

13 | responsible for the reporting of unverified and inaccurate credit information about Plaintiff to the

14 | CRAs. Defendants inaccurately published information was accessible to parties with access to

15 | Plaintiff's credit reports.

16 | 59. The information disseminated via publication was made of and concerning the

17 | Plaintiff and was so understood by those who viewed the publication.

18 | 60. Defendants' violations actually and proximately caused Plaintiff's injuries.

19 | 61. The information is libelous in that it causes enormous harm to Plaintiff's

20 | creditworthiness and defamed Plaintiff in the eyes of her current and potential creditors.

21 | 62. The publication of Defendants' unverified accounts on Plaintiff's credit reports and

22 | repeated failure to correct such publication was done with malice to injure Plaintiff for the direct

23 | benefit of Defendants. Accordingly, Plaintiff seeks an award of punitive damages.

24 | **PRAYER FOR RELIEF FOR ALL COUNTS**

25 | WHEREFORE, Plaintiff prays for relief against Defendants as follows:

26 | 1. Actual damages;

27 | 2. Statutory damages;

28 | 3. Civil penalties;

**COMPLAINT**

4.  Legal fees and costs;

5.  Prejudgment and postjudgment interest;

6.  Punitive damages;

7.  Declaratory relief;

8.  Injunctive relief;

9.  For additional remedies as the court deems proper.

**Plaintiff requests trial by jury.**

DATED: October 11, 2012

**KAASS LAW**

By: _____

Vahag Matevosian, Attorney for Plaintiff

**COMPLAINT**