1

2

3                                                                    O

4                                                      NO JS-6

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   MADLENA TATARYAN, an          )   Case No. CV 12-08788 DDP (FMOx)
     individual,                   )
12                                 )   **ORDER SEVERING DEFENDANT AND**
                    Plaintiff,     )   **GRANTING MOTION TO DISMISS**
13                                 )
         v.                        )   [Dkt. No. 14]
14                                 )
     CHASE BANK (USA) N.A., a      )
15   National Association;         )
     MIDLAND FUNDING, LLC, a       )
16   Delaware Limited Liability    )
     Company,                      )
17                                 )
                    Defendants.    )
18                                 )
     _____ )
19

20        Presently before the court is Defendant Chase Bank USA, N.A.

21   ("Chase")'s Motion to Dismiss Plaintiff's First Amended Complaint.

22   Having considered the parties' submissions, the court adopts the

23   following order.

24   **I. BACKGROUND**

25        Plaintiff Madlena Tataryan alleges that on or about April 10,

26   2012, she obtained her credit report from several major credit

27   reporting agencies ("CRAs") and discovered accounts in derogatory

28   status, namely Partial Account No. 418587262487 reported by

1  Defendant Chase and Partial Account No. 854306 reported by
2  Defendant Midland Funding, LLC ("Midland").  (Compl. ¶ 11.)
3  Plaintiff reviewed those accounts and determined that they did not
4  belong to her. (Compl. ¶ 12.)  Plaintiff submitted written disputes
5  to the CRAs disputing those accounts and believes that they
6  contacted Defendants regarding Plaintiff's dispute.  (Compl. ¶¶ 13-
7  14.)  Plaintiff mailed dispute letters to both Defendants on April
8  26, 2012, but neither responded.  (Compl. ¶¶ 16, 20.)  Plaintiff
9  submitted three letters to each Defendant requesting proof of
10 investigation and verification of documents to justify their
11 continued reporting of the accounts with the CRAs, but neither
12 Defendant responded.  (Compl. ¶ 22.)  Plaintiff alleges against
13 Defendant Chase violations of the Federal Fair Credit Reporting Act
14 ("FCRA"), the California Consumer Credit Reporting Act ("CCCRA"),
15 and defamation by libel.
16 **II. LEGAL STANDARD**
17    Under Federal Rule of Civil Procedure 12(b)(6), a complaint is
18 subject to dismissal when the plaintiff's allegations fail to state
19 a claim upon which relief can be granted.  "When determining
20 whether a complaint states a claim, a court must accept as true all
21 allegations of material fact and must construe those facts in the
22 light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d
23 443, 447 (9th Cir. 2000).
24    In Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), the Supreme
25 Court explained that a court considering a 12(b)(6) motion should
26 first "identify[] pleadings that, because they are no more than
27 conclusions, are not entitled to the assumption of truth." Id.
28 Next, the court should identify the complaint's "well-pleaded

2

1   factual allegations, . . . assume their veracity and then determine

2   whether they plausibly give rise to an entitlement to relief."

3   Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th

4   Cir. 2009) ("In sum, for a complaint to survive a motion to

5   dismiss, the non-conclusory factual content, and reasonable

6   inferences from that content, must be plausibly suggestive of a

7   claim entitling the plaintiff to relief") (internal quotation marks

8   omitted).

9   **III. DISCUSSION**

10      Defendant Chase moves to dismiss on the grounds that

11   Plaintiff's FAC is defective because she fails to differentiate

12   between the behavior of Chase and Midland, that she has misjoined

13   the two parties in violation of Federal Rule of Civil Procedure

14   20(a)(2), and that her libel claim is preempted by the FCRA.

15      FRCP 20(a)(2) states that defendants may be joined in one

16   action if "(A) any right to relief is asserted against them

17   jointly, severally, or in the alternative with respect to or

18   arising out of the same transaction, occurrence, or series of

19   transactions or occurrences; and (B) any question of law or fact

20   common to all defendants will arise in the action."  "If the test

21   for permissive joinder is not satisfied, a court, in its

22   discretion, may sever the misjoined parties, so long as no

23   substantial right will be prejudiced by the severance."  Coughlin

24   v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

25      Here, Plaintiff alleges that Chase and Midland each reported a

26   different account to credit bureaus.  Plaintiff asserts in her

27   opposition papers that Chase and Midland are properly joined

28   "because both Defendants report the same account/debt in

3

1   Plaintiff's credit reports." (Opp. at 5.) The FAC, however,

2   alleges the reporting of two different accounts, with no pleading

3   regarding their connection. (Compl. ¶ 11.) The court agrees with

4   Defendant Chase that the separate reporting of two different

5   accounts, one by each Defendant, cannot be considered the same

6   transaction or occurrence and that the parties are therefore

7   misjoined. Even if both Defendants had reported the same account,

8   the court is not convinced based on these allegations that their

9   separate reporting would be comprised in the same transaction or

10  occurrence, since the alleged facts give no indication that the

11  reporting and refusal to correct the allegedly incorrect report on

12  the part of one Defendant was connected to the same actions by the

13  other Defendant.[1]

14      Because the court finds that Defendant Chase was improperly

15  joined, the court declines to consider Chase's other grounds for

16  dismissal.

17  ///

18  ///

19  _____

20  [1]Plaintiff's attorney may not be surprised by the finding that
    joinder is improper insofar as attorneys in his firm, Kaass Law,
21  have recently been involved in a number of similar cases where
    parties were similarly severed and dismissed due to improper
22  joinder. See Balasanyan v. Department Stores National Bank, CV 12-
    07589, Order Severing and Dismissing Misjoined Defendants, Dkt. No.
23  48 (11/13/12)("On the face of the complaint, it is obvious that the
    claims against the Defendants do not arise out of the same
24  transaction, occurrence, or series of transactions or occurrences,
    and there do not appear to be any common question of law or fact
25  other than that the claims against Defendants are brought under the
    same statutes. . . . There is no indication that any of the
26  negative reports are related in any way or that the reasons that
    Plaintiff claims that the reports were improper are connected in
27  any way.") See also Hanna v. BMW Financial Services LLC, CV 12-
    07703, Dkt. No. 45 (11/13/12), Petrosyan v. Bank of America, CV 12-
28  8687, Dkt. No. 17 (11/13/12), and Simonyan v. Ally Financial Inc.,
    CV 12-8495, Dkt. No. 52 (12/04/12).

**IV. CONCLUSION**

The court finds that Chase was improperly joined.  The court SEVERS Defendant Chase from this action and DISMISSES the action against Chase.

IT IS SO ORDERED.


Dated: February 1, 2013

DEAN D. PREGERSON
United States District Judge